[No. 38251. Department One. April 14, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. JESSE LYMON COLE, *Appellant*.*

*Jack Steinberg*, for appellant.

*Charles O. Carroll* and *David H. Beitz*, for respondent.

HUNTER, J.—The defendant (appellant), Jesse Lymon Cole, was charged by information with the crime of taking and riding in a motor vehicle without permission of the owner. RCW 9.54.020.

The defendant entered a plea of not guilty by reason of

Reported in 413 P.2d 341.

temporary insanity or mental irresponsibility at the time of the alleged commission of the crime. At the conclusion of a jury trial a verdict of guilty was returned and a judgment and sentence was entered accordingly. The defendant appeals.

There is no dispute on the facts in this case except as to the issue raised by the defendant's plea of temporary insanity. The record shows that on March 6, 1964, the defendant was a passenger in a Farwest taxicab, and at his request he was taken to the Seattle-Tacoma Airport. Upon arrival at the airport, he gave the taxicab driver a $20 bill. Not having sufficient change the driver went into the airport terminal for the purpose of securing change. While the driver was inside the terminal the defendant moved behind the wheel of the taxicab and drove off. Sometime later that evening he was observed by a state trooper to be driving erratically and at excessive speed, whereupon he was apprehended and arrested at the Tacoma Narrows Bridge. He was taken to the Tacoma city jail; after a brief stay he was transferred to the King County jail. He was subsequently charged in the King County Superior Court with the crime of taking and riding in a motor vehicle without permission of the owner. He was determined to be an indigent, and counsel was appointed to represent him on April 7, 1964. The same counsel represented the defendant at the subsequent proceedings in the superior court and upon this appeal.

The defendant was arraigned on April 10, 1964, whereupon he entered a plea of not guilty, and the case was set for trial on May 13, 1964.

Defense counsel and the prosecuting attorney's office became aware that the defendant appeared to be suffering from an emotional disturbance. Upon motion of defense counsel, the court entered an order on May 22, 1964, which was approved by the state, appointing Dr. Jack J. Klein, a psychiatrist, for the purpose of examining the defendant to determine his mental competency, and to determine whether he was mentally capable of going to trial and assisting with his defense.

On May 19, 1964, Dr. Klein made the following report to the prosecuting attorney's office in King County:

Mr. Thomas A. Stang
Deputy Prosecuting Attorney
Seattle 4, Washington

Dear Mr. Stang:        Re: Jesse Lymon Cole, Cause 40658

I examined Mr. Jesse Cole at King County Jail on May 17, 1964. He is a very confused man. I will relate the history as I was able to obtain from him.

Mr. Cole says he was born and raised in Buffalo, New York. He was discharged from the United States Army in February of 1963 after four and a half years' service. He gave a confused history about being discharged from Fort Jay or Queens. He denies any previous arrest. He says he has never married.

Mr. Cole smiles inappropriately and his conversation is wandering and disconnected. His delusional systems seems to go something like this; he got a cab and went to the airport, reasons unknown, and gave the cab driver a twenty dollar bill. When the cab driver went to get change, Mr. Cole drove the cab away. He said "the driver went too slow; I went nuts about the cab radio; apart from the Army; operated a radio too good for the Army" and apparently he was getting some sort of radio messages from the cab radio. He also talked about someone in the Army wanting to harm him when he was asleep, pouring water in his nose and drowning him. He says this goes on at the jail, too. He is confined to a private cell, he cannot see the man in the next cell but he hears the man pouring water just to aggravate him. He feels sometimes his food is doped but the first time it was ever doped was in Tacoma. While in jail Mr. Cole, without provocation, hit one of the guards and this is why he is presently confined to a cell alone.

It is my opinion Mr. Jesse Lymon Cole is suffering from a schizophrenic psychosis of a paranoid type. He is now too ill to realize his peril, he is too mentally ill to participate in his own defense and at the time he took the taxi-cab he was unable to distinguish the difference between right and wrong.

I think someone should sign a mental illness complaint and he should be sent through normal mental illness chan-

nels to the nearest state hospital for observation and treatment.

Sincerely,
/s/ Jack J. Klein
Jack J. Klein, M.D.

Subsequent to this report, upon motion of defense counsel, the following "Order For Stay of Proceedings And Order Committing Defendant To Eastern State Hospital," dated May 26, 1964, was entered:

THIS MATTER having come on before the undersigned judge of the above-entitled court on the motion of the court appointed attorney for the defendant herein, the defendant being represented by his attorney, Jack Steinberg, and the state being represented by Charles O. Carroll, Prosecuting Attorney for King County, through his deputy, Thomas A. Stang, the court having considered the petition and attached report of Dr. Jack J. Klein and having heard oral representation on behalf both the plaintiff and defendant, and having reviewed the records and files herein, and being fully advised in the premises,

Now, THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the criminal proceedings in the superior court for King County in the above-entitled cause be and the same hereby are ordered stayed;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the court finds that the defendant cannot stand trial at this time because he cannot understand the nature and peril of the charges against him and cannot assist in his own defense;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the defendant be transported by the Sheriff of King County to Eastern State Hospital, Medical Lake, Washington, to be confined therein by the hospital authorities;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that at such time the defendant is able to stand trial the Eastern State Hospital Superintendent shall so advise the prosecuting attorney of King County whereupon the Sheriff of King County shall return the defendant to the King County Jail for the purpose of standing trial.

DONE IN OPEN COURT this 26 day of May, 1964.

/s/ Story Birdseye
JUDGE

Presented by:
/s/ *Jack Steinberg*
Approved:
/s/ *Thomas A. Stang*
Deputy Prosecuting Attorney

In pursuance of the last paragraph of the order the record discloses that the following letter dated December 4, 1964, signed by Dr. Paul F. Shirey, Section Chief of Eastern State Hospital, and Dr. Harris F. Bunnell, the Superintendent, was communicated to the prosecuting attorney and the trial judge, and filed in the King County clerk's office on December 14, 1964:

Mr. Charles O. Carroll,
Prosecuting Attorney of King County
King County Court House
Seattle, Washington

RE: Jesse Lymon Cole
ESH #524608
ATTN: Mr. Robert E. Dixon,
Deputy Prosecuting Attorney

Dear Mr. Carroll:

Mr. Jesse Cole was admitted to Eastern State Hospital May 27, 1964 under King County Superior Court Order No. 40658 over the signature of Judge Story Birdseye. There is a charge pending against this patient in King County.

This patient was committed to Eastern State Hospital because "the Court finds that the defendant cannot stand trial at this time because he cannot understand the nature and peril of the charges against him and cannot assist in his own defense." The Staff of this Hospital felt that at the time of his admission this patient was indeed psychotic (insane) and when his case was considered by the Staff he was assigned a diagnosis of: Schizophrenic reaction, chronic undifferentiated type.

This patient has made a satisfactory adjustment, has lost all of his psychotic symptoms and because of this he was considered by the Staff of the Hospital on Dec. 1, 1964 for disposition, so far as the Hospital is concerned. It was the opinion of the Staff on that date that the patient had recovered and was now able to understand the

charges against him and aid in his own defense. Further hospitalization would be of no benefit to this patient and he can now be returned to the jurisdiction of King County for the disposition of the charges pending against him.

If we can be of any further service in this case, please let us know.

Very truly yours,

/s/ Paul F. Shirey, M.D.

Paul F. Shirey, M.D.

Section Chief

/s/ Harris F. Bunnell, M.D.

Harris F. Bunnell, M.D.

Superintendent

. . .

CC: The Honorable Story Birdseye

Judge of the Superior Court

King County

Seattle, Washington

The case thereafter went to trial on March 24, 1965.

The state's testimony in support of the allegations charged in the information was not refuted. The defendant in support of his plea of not guilty by reason of temporary insanity introduced the testimony of Dr. Klein, which was substantially that contained in his report to the prosecuting attorney's office.

The state introduced no medical testimony, relying on the testimony of certain lay witnesses that the defendant was faking his insanity when confined in the King County jail, and introduced testimony concerning the defendant's statements to another jail inmate in this regard. The jury by its verdict chose to believe the lay witnesses on this issue.

The error assigned by the defendant which we deem to be crucial in this case involves the failure of the court to permit the defendant to introduce certified copies of various documents in the court file which were contained in exhibit 2, including the court order and the letters hereinbefore referred to, to which he contends he was entitled, in pursuance of the written stipulation between the defendant

and the deputy prosecuting attorney which appeared in a letter from defense counsel, addressed to and approved by the deputy prosecuting attorney:

> Although we have in our possession an Order Endorsing Witness and Providing for Subpoena Duces Tecum, copy of which has been shown to you, it is agreed that we will not process said document in view of the fact that the State has already processed a Subpoena on Dr. Jack J. Klein. The State will see to it that Dr. Klein is available at the trial, or, in the alternative, will give us adequate notice in order to process our own Subpoena. *There will be no objection to the introduction as exhibits of certified copies of the Court Order confirming the mental condition of the defendant at the time of his being sent to Eastern State Hospital and at the time of his release from the Hospital. The State will make said document available to the Court at the time of the trial.* (Italics ours.)

The state objected to the introduction of any part of exhibit 2, contending that the following statement of the court to the jury constituted compliance with the stipulation:

> Ladies and gentlemen, it has been stipulated by the attorney for the State and the attorney for the defendant, that on May 27th, 1964, the defendant, Jesse Lymon Cole, was transported from the King County Jail to Eastern State Hospital at Medical Lake, and that on December 29th, 1964, the defendant was discharged and returned to the King County Jail for trial.

The state argues that the stipulation provides only for the introduction of certified copies of court orders and that the foregoing statement constituted compliance.

The defendant's counsel contends that it was within the purview of his oral conversation with the deputy prosecutor that the items to be included in the stipulation were the report of Dr. Klein at the time of entry of the order of commitment, and the letter from Dr. Shirey and Dr. Bunnell of Eastern State Hospital, advising the court that the defendant had recovered from his mental disorder and was ready to stand trial.

Even though the oral conversation referred to be disregarded and the stipulation be restricted to the admission of a certified copy of the order of commitment, we hold the stipulation to have been violated by the deputy prosecuting attorney's objection to the introduction of this order and the trial court's ruling pursuant thereto. The order heretofore set out expressly recites that the court

having considered the petition and *attached report* of Dr. Jack J. Klein . . . .

. . . .

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Court finds that the defendant cannot stand trial at this time because he cannot understand the nature and peril of the charges against him and cannot assist in his own defense;

. . . .

IT IS FURTHER ORDERED, ADJUDGED and DECREED that at such time the defendant is able to stand trial the Eastern State Hospital Superintendent shall so advise the prosecuting attorney of King County whereupon the Sheriff of King County shall return the defendant to the King County Jail for the purpose of standing trial. (Italics ours.)

We need not decide whether the trial court was bound by the stipulation. It is enough to find that by the deputy prosecuting attorney's office being a party thereto, the state led the defendant into relying on the availability of the order of commitment in the preparation of his defense. The language of the order, and the final direction therein that the Eastern State Hospital superintendent shall advise the prosecuting attorney when the defendant was able to stand trial, went to the heart of the defendant's defense of temporary insanity at the time of the commission of the crime with which he was charged.

Defense counsel, having been denied this evidence agreed to in the stipulation which he had relied upon, was prejudiced in the preparation of his defense on the vital issue of the defendant's temporary insanity at the time of the commission of the crime, and the defendant was thereby denied a fair trial.

■ The state argues, however, that the defendant was not prejudiced since he did not accept the trial court's offer to issue subpoenas for any witnesses he would want to bring in. We do not agree. This may have required the defendant to request a substantial interruption of a jury trial in order to contact and adequately interview Drs. Shirey and Bunnell of the Eastern State Hospital. There is no showing that the court would have granted such a request or that the state would have consented thereto. Neither is there a showing that Drs. Shirey and Bunnell would have been available to respond to subpoenas. In any event, under these circumstances, the defendant would have been denied the right to interview such witnesses before trial, to which he would have been entitled in the preparation of the defense of his case.

The trial court erred in denying the defendant's motion for a new trial. The judgment is reversed, and the cause is remanded for a new trial.

ROSELLINI, C. J., HALE, J., and LANGENBACH, J. Pro Tem., concur.

OTT, J. (dissenting)—The majority grant a new trial upon the sole ground that

the state led the defendant into relying on the availability of the order of commitment in the preparation of his defense. The language of the order, and the final direction therein that the Eastern State Hospital superintendent shall advise the prosecuting attorney when the defendant was able to stand trial, went to the heart of the defendant's defense of temporary insanity at the time of the commission of the crime with which he was charged.

Defense counsel, having been denied this evidence agreed to in the stipulation which he had relied upon, was prejudiced in the preparation of his defense on the vital issue of the defendant's temporary insanity at the time of the commission of the crime, and the defendant was thereby denied a fair trial.

In my opinion, the record does not sustain the majority's conclusion that the defendant was misled or that he was denied a fair trial.

The only stipulation which was made by the parties was as follows:

There will be no objection to the introduction as exhibits of *certified copies of the Court Order* confirming the mental condition of the defendant at the time of his being sent to Eastern State Hospital and at the time of his release from the Hospital. The State will make said *document* available to the Court at the time of the trial. (Italics mine.)

With reference to the stipulation, the trial court orally instructed the jury during the course of the trial as follows:

Ladies and gentlemen, it has been stipulated by the attorney for the State and the attorney for the defendant, that on May 27th, 1964, the defendant, Jesse Lymon Cole, was transported from the King County Jail to Eastern State Hospital at Medical Lake, and that on December 29th, 1964, the defendant was discharged and returned to the King County Jail for trial.

Dr. Jack J. Klein's report was not attached to the court's order of commitment, as the majority opinion indicates. The report of the doctor was attached to the defendant's petition for stay of the criminal proceedings and for commitment to a mental institution. The doctor's report constituted the supporting evidence for the request for commitment. The stipulation does not provide that letters, reports, and other evidence relating to defendant's alleged mental illness would be admitted without objection. The stipulation was that *court orders only* would be admitted without objection.

During the trial, the defendant offered exhibit No. 2, which, he contended, contained the items that the stipulation contemplated. Exhibit No. 2 included the following items: (1) Petition for stay of proceedings and commitment, to which was attached Dr. Klein's report, (2) order staying proceedings and of commitment, (3) various letters from the prosecuting attorney's office to Eastern State Hospital and replies thereto, (4) a letter from the institution to the prosecuting attorney and the court advising that defendant Cole was being released, and (5) several letters from Cole

to the judge of the superior court requesting his discharge from the institution and admitting the theft.

Since the defendant offered exhibit No. 2, with a single certification, on an "all or none" basis, and since exhibit No. 2 contained other items to which the stipulation clearly did not apply, the court properly refused to admit the exhibit.

Thereafter, the defendant offered to separate the items contained in the exhibit, which the court refused to permit. The only item that the defendant was entitled to have admitted, pursuant to the stipulation, was the order of commitment. The court's oral instruction to the jury satisfied the terms of the stipulation as it related to the order of commitment. Although, under the facts of this case, it may have been error to refuse to admit a certified copy of the court's order, it did not constitute prejudicial error in the light of the court's oral instruction.

The letter of release which was included in exhibit No. 2 was signed by Dr. Paul F. Shirey, Section Chief, and by Dr. Harris F. Bunnell, Superintendent of Eastern State Hospital, and contained a statement relative to Cole's condition at the time of his commitment to the institution and that he had, in their opinion, fully recovered. When the trial judge denied the offer of the letter as being hearsay and a self-serving declaration, he suggested to counsel for the defendant that the doctors could be subpoenaed, indicating that a continuance would be granted for this purpose. Defendant's counsel chose not to subpoena the witnesses, but to proceed with the trial.

Further, Dr. Jack J. Klein testified that, at the time of his examination of defendant on May 17, 1964, more than two months after the alleged offense was committed, he found Jesse Cole to be suffering from schizophrenic psychosis of a paranoid type; that, at that time, he was too ill mentally to participate in his own defense, and that he believed that at the time the defendant took the taxicab on March 6, 1964, he was mentally ill and unable to distinguish between right and wrong.

Dr. Klein's testimony before the jury on March 24, 1965, was in far greater detail than his written report of his examination of defendant on May 17, 1964, and fully explained why he had concluded that defendant was temporarily insane. At best, the admission of the written report in evidence would have been only cumulative of his testimony at the trial. Under these facts, it was not prejudicial error to refuse to permit the written report of the witness in evidence as part of exhibit No. 2.

Jesse Lymon Cole was not committed to Eastern State Hospital *involuntarily,* as provided by RCW 71.02. His attorney petitioned the court for Jesse Cole's *voluntary* commitment, as authorized by RCW 72.23.070. The trial court granted the request even though, technically, Cole, being a nonresident, did not qualify for such admission. After several months of treatment, Cole was discharged, as provided by RCW 72.23.140, which states that "whenever in the judgment of the superintendent any patient has been restored his mental health . . . the superintendent shall discharge such patient from the hospital." In terminating a voluntary commitment, the statute does not provide for a formal order of discharge.

Cole made no objection to his release; in fact, he requested it several times. The letter from the hospital authorities notifying the prosecuting attorney and the court that Cole had recovered and was being discharged was in no sense an order of release. There was no contention that he had not recovered. In fact, the special plea of temporary insanity admitted recovery. When the court instructed the jury that "the defendant was discharged" from the hospital on December 29, 1964, the obligation of the stipulation was fully performed.

The record does not show that defense counsel was in any manner misled or that the defendant failed to receive a fair trial.

Defendant's taking of the taxicab without permission on March 6, 1964, was admitted. The defense was "Not guilty by reason of defendant's temporary insanity or mental

irresponsibility at the time of the alleged commission of the crime charged, to-wit, on or about the 6th day of March, 1964."

The state's evidence consisted of the testimony of lay witnesses who had talked with the defendant while he was in the King County jail from March 6, 1964, until May 27, 1964, when he was transferred to Eastern State Hospital at Medical Lake. The state's witnesses testified that the defendant was not insane but was feigning a mental condition. In addition, the state introduced a written confession signed by Jesse Lymon Cole, dated March 17, 1964, in which he detailed his taking of the taxicab without permission and, in addition, stated: "I knew when I took the cab I was doing wrong, I did not have permission to take the cab. This is a true and voluntary statement."

The testimony on behalf of the defendant was principally that of Dr. Jack J. Klein, who testified that he believed the defendant was temporarily insane at the time of the alleged commission of the offense. On cross-examination, however, he admitted that it was possible for a person to feign such a condition and that it could have happened in this case. In addition to the doctor's testimony, the defendant likewise called lay witnesses.

The jury was instructed on the issue of temporary insanity and the proof required to establish it. No exceptions were taken to any of the instructions, and they became the law of the case. The jury chose to believe the testimony of the state's witnesses that defendant was sane on the date in question and found him guilty as charged.

For the reasons stated, the judgment and sentence should be affirmed.